IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **HERBERT GROSE,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>) | **Case No. 2:20-cv-02754-JTF-tmp** |
| **AMERICAN AIRLINES, INC.,** )<br>)<br>    **Defendant.** )<br>) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS IN PART AND DENY IN PART**

Before the Court is Defendant American Airline's Motion to Dismiss, filed on December 8, 2020. (ECF No. 16.) Plaintiff, Herbert M. Grose, proceeding *pro-se*, filed a response to the Motion on January 19, 2021. (ECF No. 21.) Defendant filed a reply in support of its Motion on February 2, 2021. (ECF No. 22.) Defendant filed timely Objections on March 19, 2021. (ECF No. 24.) Plaintiff responded to Defendant's Objections on March 31, 2021. (ECF No. 26.) For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be **ADOPTED** and Defendants' Motion to Dismiss should be **GRANTED** in part and **DENIED** in part.

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636(b), magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if

appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

## **FINDINGS OF FACT**

In the Report and Recommendation, the Chief Magistrate Judge provides, and this Court adopts and incorporates, Proposed Findings of Fact in this case. (ECF No. 23, 1-7.) Defendant did

2

not object to the Chief Magistrate Judges' Finding of Facts.

## ANALYSIS

Defendant raises two objections to the Chief Magistrate Judge's Report and Recommendation. (ECF No. 24, 1-2.) First, Defendant objects to the Magistrate Judge's finding that the Railroad Labor Act ("RLA") does not preclude Plaintiff's claims under Title VII. (ECF No. 24, 5.) Second, Defendant objects to the Magistrate Judge's finding that Plaintiff's Title VII race discrimination claim survives the motion to dismiss. (*Id*. at 8.) The Court will address these objections below.

  1. *RLA Preemption*

Defendant objects to the Chief Magistrate Judge's conclusion that Plaintiff's Title VII claim is a "major" dispute that is not pre-empted by the Railroad Labor Act ("RLA"). (ECF No. 24, 5-7.) Defendant argues that the Court lacks subject matter jurisdiction over the dispute because Plaintiff's claim is a "minor" dispute that turns on interpretation of the Collective Bargaining Agreement ("CBA") and is thus precluded by the RLA. (*Id*.)

As the Chief Magistrate Judge points out, the RLA provides mandatory procedures for resolving labor disputes. (ECF No. 23, 12.); 45 U.S.C. § 151(a). Under the RLA, disputes are classified as "major" or "minor" disputes and will then be resolved in accord with the procedures set forth for each classification. 45 U.S.C. § 151(a). "Major" disputes are those concerning the making of collective agreements and rates of pay, rules, or working conditions. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994); *Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 722 (1945). Minor disputes grow out of grievances or out of the interpretation or application of agreements that cover rates of pay, rules, or working conditions. *Id*. However, when a claim is unrelated to the CBA, the

3

RLA does not preempt a plaintiff's statutory claim. *Norris*, 512 U.S. at 256; *Smith v. Nw. Airlines, Inc.*, 141 F. Supp. 2d 936, 942 (W.D. Tenn. 2001.)

In the Sixth Circuit, a two-part test is employed to determine whether a claim is independent from the CBA. *Emswiler v. CSX Transp., Inc.*, 691 F. 3d 782, 792 (6th Cir. 2012). First, the Court must determine if plaintiff's claim requires an interpretation of the CBA. *Id*. If so, then the court must ask if the right claimed by the plaintiff was established by the agreement or if it exists independently under state or federal law. *Id*. In other words, where a claim depends on an interpretation of the CBA, the claim would be precluded under the RLA. *Smith* 141 F. Supp. 2d at 940 (W.D. Tenn. 2001) (citing *Norris*, 512 U.S. at 256).

Here, as the Chief Magistrate Judge concluded, the CBA is not needed to conclusively resolve Plaintiff's Title VII race discrimination claim. Thus, Plaintiff's claim is not a "minor" dispute as defined in the CBA. (ECF No. 23, 15.) *See Smith*, 141 F. Supp. at 940 ([t]he defining characteristic of a minor dispute is that it can be "conclusively resolved by interpreting" a CBA). Plaintiff's allegations that white employees were offered overtime and back pay while he was bypassed because of his race is a Title VII claim that arises under a federal statute and does not depend on the CBA for resolution. *Id*. While Plaintiff's claim may involve a discussion of the CBA to determine benefits sought, interpretation of the CBA is not necessary to determine the proof of the claim. *See Nguyen v. United Air Lines, Inc.*, No. 1:09-cv-733, 2010 WL 2901878, at *4 (W.D. Mich. July 23, 2010) (holding that a plaintiff's claims were not preempted by the RLA despite requiring a discussion of the CBA because "the elements of his claims do not require the court to interpret the CBA"). Because Plaintiff's Title VII discrimination claim exists independently of the CBA, the RLA does not preclude Plaintiff's claim and this Court can reach the merits of the dispute.

Therefore, Defendant's motion to dismiss based on the RLA is Denied.

  2. *Title VII Race Discrimination Claim*

Defendant also objects to the Chief Magistrate Judge's recommendation that Plaintiff's Title VII race discrimination claim survives the motion to dismiss. (ECF No. 24, 8.) Defendant argues that Plaintiff's claim cannot survive the motion to dismiss because Plaintiff fails to allege facts sufficient to state a claim upon which relief can be granted. (*Id.*) When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint states a plausible claim requires the Court to draw upon its experience and common sense. *Iqbal*, 556 U.S. at 129. Federal Rule of Civil Procedure 12(b)(6) is also linked to Federal Rule of Civil Procedure 8 (a)(2), which states that a pleading containing allegations for relief should be short and plain.

For a Title VII discrimination claim, Plaintiff must allege, and ultimately prove, that: (1) plaintiff is a member of a protected group; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the position; and (4) plaintiff was replaced by a person outside of the protected class or was treated differently from similarly situated members of the unprotected class. *Warfield v. Lebanon Corr. Inst.*, 181 F.3d 723, 728-29 (6th Cir. 1999.) As the Chief Magistrate Judge noted, it is undisputed that Plaintiff is a member of a protected group and that he was qualified for the Crew Chief position. Plaintiff is an African American, has been employed as a Fleet Service Clerk for American Airlines for forty-two years, has successfully completed the test to become a Crew Chief, and was awarded the position of permanent Crew Chief by his peers. (ECF No. 13 at 1

& ¶¶ 9-13.) Therefore, elements one and three are satisfied. As for the second element—adverse employment action—this District and the Sixth Circuit have held that deprivation of overtime opportunities can be considered an adverse employment action when the lost overtime opportunities occurred regularly and resulted in significant monetary loss. *Shaw v. Donahoe*, No. 11-2859-STA-tmp, 2014 WL 1168572, at *15 (W.D. Tenn. Mar. 21, 2014); *Broska v. Henderson*, 70 F. App'x 262, 268 (6th Cir. 2003). Plaintiff's Amended Complaint states that the March 2, 2019 incident was one of numerous times that he was denied overtime by the Defendant on account of his race. (ECF No. 13, ¶ 31.) For the purposes of Rule 12(b)(6) and Rule (8)(a)(2), the Court finds that this "short and plain" statement is sufficient to allege an adverse employment action, which satisfies the second element of the Title VII discrimination claim.

Regarding the fourth and final elements, the Chief Magistrate Judge correctly concluded that Plaintiff alleged sufficient facts to state a claim upon which relief can be granted. (ECF No. 23, 22.) In this case, Plaintiff cites several instances where he was treated differently than similarly situated non-protected employees. (ECF No. 13, ¶¶ 31 & 38.) Notably, Plaintiff alleges that in March 2019, both Tommy Fagan (white) and Joseph Laughlin (white) were repeatedly awarded overtime on their day off despite the fact that they had not signed up for overtime. (*Id*. at ¶ 31.) Like Fagan and Laughlin, Plaintiff did not sign up for overtime, but he was not contacted for overtime on his days off. (*Id*.) Moreover, in May 2019, "coworker Randy Shasta [white] was also bypassed as a Crew Chief, [as was Plaintiff], but after filing [sic] grievance, [Shasta] received all due back pay . . ." (*Id*. at ¶ 38.) Defendant argues that Plaintiff fails to plead that the named individuals are similarly situated to Plaintiff. (ECF No. 24, 10.) However, it is clear from the allegations on the face of the Amended Complaint that the individuals are similarly situated to Plaintiff and belong to a non-

6

protected group. The named individuals: Fagan, Laughlin, and Shasta, are white employees who are also Crew Chiefs and share Plaintiff's qualifications. (ECF No. 13, ¶¶ 31 & 38.) Furthermore, as the Chief Magistrate Judge stated, Federal Rule of Civil Procedure 12(b)(6) does not require a detailed factual allegation regarding the Defendant's treatment of similarly situated employees. (ECF No. 23, 24-25) (quoting *Twombly*, 550 U.S. at 555). It is sufficient that the Amended Complaint pleads enough factual matter to raise a plausible inference of wrongdoing. *1660 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.,* 727 F. 3d 502, 504 (6th Cir. 2013). As the Chief Magistrate Judge concluded, the Amended Complaint provides sufficient facts for the Court to infer that Plaintiff was discriminated against based on race. The Court reiterates that for an amended complaint to comply with Rule 8 of the Federal Rules of Civil Procedure, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief," which is what Plaintiff has provided. Fed. R. Civ. P. 8(a)(2). For these reasons, the Court adopts the Chief Magistrate Judge's Recommendation that Plaintiff has a viable Title VII race discrimination claim and Defendant's motion to dismiss this claim is Denied.

3. *Other Claims*

The parties do not object to the Magistrate Judge's recommendation that Plaintiff's sex discrimination, retaliation, and hostile work environment claims be dismissed. After a full review of the Magistrate Judge's Report and Recommendation, including the "Proposed Findings of Fact" and the "Proposed Conclusions of Law" the Court adopts the Magistrate Judge's Recommendation that such claims be Dismissed.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and

Recommendation, and **GRANTS** Defendant's Motion to Dismiss the sex discrimination, retaliation, and hostile work environment claims, but **DENIES** Defendant's Motion to Dismiss the RLA and Title VII race discrimination claims.

    **IT IS SO ORDERED** on this 30th day of April 2021.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge
